UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Hand-Delivered

RYAN CRAIG STEVENS

Plaintiff,

v.

MONTREAT COLLEGE;
DR. PAUL J. MAURER;
DR. DANIEL T. BENNETT;
DR. DOROTHEA K. SHUMAN; and
DR. RYAN T. ZWART,

Defendants.

Case No. 1:24-cv-00225-MR-WCM

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

FILED
ASHEVILLE, NC

DEC 0 4 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Pursuant to Rule 55(a) of the North Carolina Rules of Civil Procedure, and Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Ryan Craig Stevens ("Plaintiff"), respectfully moves the Court for Entry of Default, as Defendants Montreat College ("Montreat College"), Dr. Paul J. Maurer ("Maurer"), Dr. Daniel T. Bennett ("Bennett"), Dr. Dorothea K. Shuman ("Shuman"), and Dr. Ryan T. Zwart ("Zwart") (collectively, "Defendants") failed to: 1) file and serve a responsive pleading to Plaintiff's Complaint – served upon Defendants' counsel on July 3, 2024 (acknowledged by Attorney Schaefer, on July 11, 2024), and additionally served on Defendants Montreat College, Maurer, and Bennett on July 9, 2024 – within the required 30-day response period, pursuant to Rule 12(a)(1) of the N.C. R. Civ. P., prior to removal; 2) properly serve a responsive pleading to the Complaint within the 7-day extended period, pursuant to Rule 81(c)(2)(C) and Rule 12(a)(1)(C) of the Fed. R. Civ. P., after removal, per the Court's Order "GRANT[ING]" Defendants' bad faith Motion for Extension of Time: "…the deadline for Defendants to file an answer or otherwise respond to Plaintiff's Complaint is EXTENDED through and including September 27, 2024" (Doc. 3); 3) file the Motion for Extension of Time, before expiration of each response period, prior to, and after, removal; and 4) show excusable neglect for failure to act, prior to, and after, removal.

In support of this motion, Plaintiff states the following:

## RELEVANT PROCEDURAL HISTORY

1. On June 25, 2024, within the statute of limitations, Plaintiff filed the Complaint (Ex. 1).

2. On June 25, 2024, the Court issued the valid Summons for each of the Defendants (Ex. 2).

3. On July 3, 2024, Defendants' counsel was served each Summons and the Complaint (Ex. 3).

4. On July 9, 2024, the Buncombe County Sheriff's Office personally delivered an additional copy of the Summons and Complaint to Defendants Montreat College, Maurer, and Bennett (Ex. 4).

5. On July 11, Defendants' attorney acknowledged receipt of service (Ex. 5).

6. On July 31, 2024, the Buncombe County Sheriff's Office personally delivered an additional copy of the Summons and Complaint to Defendant Shuman (Ex. 6).

7. On August 2, 2024, the Buncombe County Sheriff's Office returned the Summons on Defendant Zwart, unexecuted on July 31, 2024, due to an undisclosed out-of-state change of address (Ex. 7).

8. On August 9, 2024, Defendants' Motion to Dismiss was officially recorded (Ex. 8), electronically filed on August 8, 2024, after 5:00 P.M. (Ex. 9), in which a copy of the filing was e-mailed (Ex. 10), and mailed, to Plaintiff, after the business day of August 8, 2024, exceeding the 30-day period.

9. On August 30, 2024, Defendants' Notice of Removal was filed (Doc. 1).

10. On August 30, 2024, Defendants filed a Notice of Filing Notice of Removal.

11. On August 30, 2024, Defendants filed a Motion for Extension of Time (Doc. 2).

12. On September 3, 2024, the Court issued an alias and pluries Summons for Defendant Zwart.

13. On September 24, 2024, the Hamilton County Sheriff's Office of Tennessee personally delivered an additional copy of the Summons and Complaint to Defendant Zwart, sufficiently executed (Ex. 11).

14. On September 27, 2024, "…the [last day of the] deadline for Defendants to file [and serve] an answer or otherwise respond to Plaintiff's Complaint," per the Court's Order "GRANT[ING]" Defendants' bad faith Motion for Extension of Time, Defendants' Motion to Dismiss Plaintiff's Complaint, was filed, but it was not served upon Plaintiff, until after the deadline, on October 4, 2024 (delivered to his mailbox).

## STATEMENT OF FACTS

15. Defendants' legal representation (automatic joinder), consisting of their counsel's acknowledgement of receipt of a copy of each of the Summons and the Complaint (Ex. 5), reasonably constitutes authorization of acceptance of service on behalf of Defendants, without waiver of service.

16. The response deadline for Defendants to answer, or otherwise defend against, the Complaint expired on August 2, 2024, at 5:00 P.M., pursuant to Rule 4(j)(1)b of the N.C. R. Civ. P., because a copy of each of the Summons and the Complaint was served upon Defendants' counsel on July 3, 2024 (Ex. 3), in which the responsive pleading, Motion to Dismiss, was filed after the business day of August 8, 2024 (Ex. 9), exceeding the 30-day period by 7 days, pursuant to Rule 12(a)(1) of the N.C. R. Civ. P., prior to removal.

17. Defendants' responsive pleading, Motion to Dismiss, also exceeds a 30-day period from the date, July 9, 2024, Defendants Montreat College, Maurer, and Bennett were served an additional copy of the Summons and Complaint by the Bunombe County Sheriff's Office, sufficient executed (Ex. 4), as it was filed after the business day of August 8, 2024 (Ex. 9), officially recorded on August 9, 2024 (Ex. 8).

18. Prior to removal, Defendants failed to properly serve Plaintiff – a self-represented litigant who has not consented to receive e-mail services, or electronic filing – the responsive pleading, Motion to Dismiss, as only "a courtesy copy of [the] filing" was e-mailed (Ex. 10), and mailed (mailbox delivery), received by Plaintiff on August 13, 2024 (at least 11 days after the response period expiration deadline, and 35 days from the date, July 9, 2024, Defendants Montreat College, Maurer, and Bennett were served an additional copy of the Summons and Complaint), exceeding the 30-day period for: 1) Defendants to serve a responsive pleading to the Complaint; and 2) Defendants Montreat College, Maurer, and Bennett to serve a responsive pleading to the Complaint by a minimum of one day, as service was due by the end of the regular business day (5:00 P.M. Eastern Time), on August 2, 2024, or at least on August 8, 2024.

19. Pursuant to Rule 5(b)(2)c of the N.C. R. Civ. P., "Service may also be made on the party by electronic mail (e-mail) if the party has consented to receive e-mail service in the case at a particular e-mail address, and a copy of the consent is filed with the court by any party. Such e-mail must be sent by 5:00 P.M. Eastern Time on a regular business day. If the e-mail is sent after 5:00 P.M. Eastern Time, it will be deemed to have been sent on the next business day."

20. After removal, Defendants also failed to appear and answer Plaintiff's Complaint, because the responsive pleading, Defendants' Motion to Dismiss Plaintiff's Complaint, was clearly due by the end of September 27, 2024, pursuant to Rule 81(c)(2)(C), and Rule 12(a)(1)(C) of the Fed. R. Civ. P., per the Court's Order "GRANT[ING]" Defendants' bad faith Motion for Extension of Time (Doc. 2), in which Defendants failed to serve Plaintiff the responsive pleading, before the expiration of the response period, as only "a courtesy copy of [the] filing" was e-mailed (Ex. 10), and mailed (delivered to his mailbox), received by Plaintiff on October 4, 2024 (at least 7 days after the response period expired), exceeding the 7-day extended period for Defendants to serve a responsive pleading to the Complaint by a minimum of one day.

21. Pursuant to Rule 5(b)(1)(E) of the Fed. R. Civ. P., a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served…"

22. Prior to removal, Defendants failed to appear and answer Plaintiff's Complaint, as the responsive pleading, Motion to Dismiss, was officially filed on August 9, 2024 (Ex. 8) – electronically filed on August 8, 2024, after 5:00 P.M. (Ex. 9), in which a copy of the filing was e-mailed (Ex. 10), and mailed, after the business day of August 8, 2024, delivered to his mailbox, received on August 13, 2024 – exceeding the 30-day period for Defendants to file and serve the response, because such was due by 5:00 P.M. on: 1) August 2, 2024, pursuant to Rule 12(a)(1) of the N.C. R. Civ. P., as a copy of the Summons and Complaint was served on Defendants' counsel on July 3, 2024 (Ex. 3), pursuant to Rule 4(j)(1)b of the N.C. R. Civ. P., in which their attorney acknowledged receipt of service (Ex. 5); or 2) or at least on August 8, 2024, for Defendants Montreat College, Maurer, and Bennett, pursuant to Rule 12(a)(1) of the N.C. R. Civ. P., because they were personally served an additional copy of the Summons and Complaint on July 9, 2024, by the Buncombe County Sheriff's Office (Ex. 4). Pursuant to Rule 4(e)(1), Rule 4(e)(2)(C), and Rule 81(c)(2)(A) of the Fed. R. Civ. P., the Court also reasonably permits service of process of the initial pleading to be executed upon Defendants' counsel via service, or other means (e.g., state law, authorized agent by appointment or law, electronic filing, e-mail).

23. Defendants' Notice of Removal, filed on August 30, 2024 (Doc. 1), exceeds the 30-day removal period by: 1) 28 days (58 days tardy), as it was due by the end of the business day of August 2, 2024, because a copy of the Summons and Complaint was served upon Defendants' counsel on July 3, 2024 (Ex. 3); and 2) a minimum of 22 days for Defendants Montreat College, Maurer, and Bennett (52 days tardy), if due by the end of the business day of August, 8, 2024, because the Buncombe County Sheriff's Office personally delivered an additional copy of the Summons and Complaint to them on July 9, 2024 (Ex. 4).

## ARGUMENT

24. The Court erred in its decision to grant Defendants' Motion for Extension of Time (Doc. 2), as the Order (Doc. 3) excludes reasoning, as to whether the motion was accurate and timely.

25. Defendants' Motion for Extension of Time misleads the Court, as crucial details are omitted, and the following deceptive statement consists of a falsehood and misrepresentation of fact, regarding the response period expiration date, as the Buncombe County Sheriff's Office personally delivered a copy of the Summons and Complaint to Defendants Montreat College, Maurer, and Bennett on July 9, 2024, and returned the valid Summons on July 11, 2024 (Ex. 4), sufficiently executed – in which Defendants' counsel was served a copy of the Summons and Complaint via mail on July 3, 2024 – resulting in Defendants' failure to answer the Complaint within the 30-day period, because the response period expiration date and time for Defendants was August 2, 2024, or at least August 8, 2024, at 5:00 P.M., for Defendants Montreat College, Maurer, and Bennett: "If Defendants are deemed to have been properly served with valid service, which is denied, Defendants' response period would be scheduled to expire on September 6, 2024" (Doc. 2, p. 2, ¶ 7).

26. Defendants' Motion for Extension of Time ought to be denied, especially to Defendants Montreat College, Maurer, and Bennett, due to the service of an additional copy of the valid Summons and Complaint upon them, as Defendants' counsel deceptively misled the Court by stating the response period for Defendants to answer, or otherwise respond to, Plaintiff's Complaint had not expired, and failed to: 1) appear and answer Plaintiff's Complaint within the 30-day period, prior to removal, in which Defendants were notified, per the Summons (Ex. 2), "to appear and answer [the Complaint] within 30 days after its service upon [them] and further that if [they] fail[ ] so to appear, the plaintiff will apply to the court for the

relief demanded in the complaint," pursuant to Rule 4(b) of the N.C. R. Civ. P.; 2) file the Motion for Extension of Time, before the response periods expired, prior to, and after, removal; 3) state the reasoning for failing to file and serve a responsive pleading to the Complaint within the 30-day period in which "…the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect," pursuant to Rule 6(b) of the N.C. R. Civ. P.; and 4) state the reasoning for failing to serve a responsive pleading to the Complaint within the 7-day extended response period in which "when an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect," pursuant to Rule 6(b)(1)(B) of the Fed. R. Civ. P. See Quoin, Incorporated v. Digitome Corporation and Donald Twyman, No. 3:2022cv00575 (W.D.N.C. 2023) ("Upon review of the record, including the Court's prior entry of default of [Defendants] for failure to appear or otherwise respond to [Plaintiff's] Complaint…the Court hereby grants Plaintiff's Motion for Entry of Default Judgment By Clerk Against Defendants…and enters judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in favor of [Plaintiff] and against Defendants…"); see also Duke Energy Carolinas, LLC v. WP RE Ventures 1, LLC, No. 3:22-cv-00415-MOC-DCK (W.D.N.C. 2022) ("Upon review of the record, including the Court's prior entry of default of [Defendants] for failure to appear or otherwise respond to [Plaintiff's] Complaint, the Court hereby grants Plaintiff's Motion for Entry of Default Judgment By Clerk Against Defendant[s] and enters judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in favor of [Plaintiff] and against Defendant[s]").

27. Defendants' noncompliance with, and ignorance of, the required timeframes of the N.C. R. Civ. P. and Fed. R. Civ. P. – regarding applicable deadlines – is inexcusable.

28. Defendants' counsel's justification for their noncompliance with the required timeframes of service of process – alleging the Summons is invalid – is deficient, unsubstantiated, and precarious, as the Summons for each of the Defendants are valid, requiring the utmost attention, rather than to be neglected.

29. Service of process of the Summons and Complaint was sufficiently executed on Defendants.

30. Defendants' filings – prior to, and after, removal – ought to be stricken, as they were tardy, except for one pleading, Motion to Dismiss Plaintiff's Complaint (Doc. 4), filed on September 27, 2024, which was "…the [last day of the] deadline for Defendants to file [and serve] an answer or otherwise respond to Plaintiff's Complaint," per the Court's Order of the 7-day extended period (Doc. 3), but the filing was not served upon Plaintiff, until after the deadline, on October 4, 2024 (delivered to his mailbox).

31. Defendants deceptively misled the Court via the omission of pertinent information and misrepresentation of facts, regarding the response period expiration date, in which the deadline had expired.

32. Defendants – especially Defendants Montreat College, Maurer, and Bennett, due to the service of an additional copy of the valid Summons and Complaint upon them – explicitly failed to file and serve a responsive pleading to Plaintiff's Complaint within the 30-day period, prior to removal.

33. Defendants failed to properly serve Plaintiff within the 7-day extended response period, which was "EXTENDED through and including September 27, 2024," per the Court's Order, after removal.

34. All Defendants failed to answer, or otherwise defend against, Plaintiff's Complaint prior to, and after, removal, as they failed to file and/or serve the responsive pleadings within the response periods.

35. None of the Defendants properly filed and served the responsive pleadings to the Complaint, before, or after, removal.

36. Consequentially, Entry of Default ought to be entered against all Defendants for failing to: 1) file and serve the responsive pleading, Motion to Dismiss, prior to removal, within the 30-day period; 2) properly serve the responsive pleading, Defendant's Motion to Dismiss Plaintiff's Complaint, after removal, within the extended 7-day period; 3) file the Motion for Extension of Time, before each period expired, prior to, and after, removal; and 4) show excusable neglect for failure to act, prior to, and after, removal, including Defendants' substantially untimely removal of the case.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an order granting Plaintiff's Motion for Entry of Default on all Defendants.

This the 4th Day of December, 2024.

By: _/s/ Ryan Stevens_

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing **MOTION FOR ENTRY OF DEFAULT** was filed, this day, by delivering it to the clerk, and a copy executed, contemporaneously, to be served upon Defendants' counsel, via the United States mail (postage prepaid), addressed as follows:

> Beth Tyner Jones, N.C. State Bar No. 15923
> Jesse A. Schaefer, N.C. State Bar No. 44773
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville Street, Suite 1100
> Raleigh, NC 27601
> Telephone: (919) 755-8125
> Facsimile: (919) 755-6752
> Email: Jesse.Schaefer@WBD-US.com
> Email: Beth.Jones@WBD-US.com
>
> Counsel for Defendants, Montreat College, et al.

This the 4th Day of December, 2024.

By: _/s/ Ryan Stevens_

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se