IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00225-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MONTREAT COLLEGE, DR. PAUL ) | |
| J. MAURER, DR. DANIEL T. ) | |
| BENNETT, DR. DOROTHEA K. ) | |
| SHUMAN, and DR. RYAN T. ZWART, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 4], the Plaintiff's Motion for Entry of Default [Doc. 9], the Plaintiff's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 11], and the Plaintiff's Motions for Extension of Time [Docs. 12, 19].

## I. PROCEDURAL BACKGROUND

On October 25, 2022, the Plaintiff Ryan Craig Stevens (the "Plaintiff") filed an action (the "Original Action") in Buncombe County Superior Court against the Defendants Montreat College, Dr. Paul J. Maurer, Dr. Daniel T. Bennett, Dr. Dorothea K. Shuman, and Dr. Ryan T. Zwart (collectively, the

1

"Defendants"). [Case 1:23-cv-00284-MR-WCM: Doc. 1]. On October 6, 2023, the Defendants removed the Original Action to this Court. [Id.]. The Plaintiff's Second Amended Complaint in the Original Action, the operative complaint in the matter, alleged several federal civil rights claims against the Defendants related to the Plaintiff's time as a student at, and his eventual expulsion from, Montreat College. [Id.].

On January 11, 2024, the Plaintiff filed a Third Amended Complaint, and on January 19, 2024, the Plaintiff filed a Motion for Leave to Amend Complaint. [Case 1:23-cv-00284-MR-WCM: Docs. 17, 20]. On January 24, 2024, the Court denied the Plaintiff's Motion for Leave to Amend Complaint and struck the Plaintiff's Third Amended Complaint. [Case 1:23-cv-00284-MR-WCM: Doc. 21 at 8]. Nonetheless, on April 8, 2024, the Plaintiff filed a fourth amended complaint[1] in the Original Action, which asserted twenty-six claims against the Defendants. [Case 1:23-cv-00284-MR-WCM: Doc. 45 at 1–4]. On June 21, 2024, the Plaintiff filed a Motion for Leave to File a Third Amended Complaint and a Motion for Leave to File a Fourth Amended Complaint. [Case 1:23-cv-00284-MR-WCM: Docs. 54, 55].

---

[1] The Plaintiff labeled this amended complaint as his "Third Amended Complaint," but it was in fact his fourth. [See Case 1:23-cv-00284-MR-WCM: Docs. 1, 14, 17, 45].

2

On June 25, 2024, the Plaintiff filed this action (the "Current Action") in Buncombe County Superior Court against the same Defendants, asserting the same twenty-six claims that he asserted in his disallowed, and ultimately stricken, fourth amended complaint from the Original Action. [Doc. 1-1 at 2–5]. On August 30, 2024, the Defendants removed the Current Action to this Court. [Doc. 1]. On September 27, the Defendants filed a Motion to Dismiss Plaintiff's Complaint [Doc. 4] in the Current Action, and on October 23, 2024, the Plaintiff filed a Motion for Extension of Time to File Response [Doc. 6] in the Current Action.

On November 4, 2024, in the Original Action, the Court denied the Plaintiff's motions for leave to amend, struck the Plaintiff's fourth amended complaint, and dismissed the Plaintiff's Second Amended Complaint with prejudice. [Case 1:23-cv-00284-MR-WCM: Doc. 63 at 13–14].

On November 20, 2024, in the Current Action, the Court partially granted the Plaintiff's Motion for Extension of Time to File Response, allowing the Plaintiff through and including December 4, 2024 to respond to the Defendants' Motion to Dismiss Plaintiff's Complaint. [Doc. 8]. On December 4, 2024, rather than responding to the Defendants' Motion to Dismiss Plaintiff's Complaint, the Plaintiff filed a Motion for Entry of Default

[Doc. 9], a Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 11], and a Motion for Extension of Time [Doc. 12].

The Defendants filed responses in opposition to the Plaintiff's Motions. [Docs. 13, 14, 16]. The Plaintiff then sought an extension of time to file a reply in support of his motion for extension of time. [Doc. 17]. In a text-only order entered December 30, 2024, the Court granted the Plaintiff an extension of time until January 6, 2025, to file any reply. The Plaintiff was specifically instructed to either hand-deliver his replies by January 6th or have them postmarked by that date. [Text-Only Order entered Dec. 30, 2024]. The Plaintiff hand-delivered his Reply [Doc. 18] on January 14, 2025, along with a motion to accept the pleading as timely filed. [Doc. 19].

## II. DISCUSSION

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." In re Varat Enterprises, Inc., 81 F.3d 1310, 1314–15 (4th Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). *Res judicata* "encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel." Id. at 1315. Under the doctrine of claim preclusion:

> a claim in a prior lawsuit will bar a subsequent claim if the party moving for claim preclusion can

4

> demonstrate three elements: (1) the parties in the two actions are identical or are in privity; (2) the judgment in the first action was a final judgment on the merits; and (3) the "claims in the two actions are identical."

SV Int'l, Inc. v. Fu Jian Quanyu Indus. Co., 820 F. Supp. 2d 677, 683 (M.D.N.C. 2011) (quoting Bouchat v. Bon–Ton Dep't Stores, Inc., 506 F.3d 315, 326–27 (4th Cir. 2007)).

A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (citing Angel v. Bullington, 330 U.S. 183, 190 (1947)). In regard to whether claims are identical, the "question is 'whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" SV Int'l, 820 F. Supp. 2d at 684 (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). "When two suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered." Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 500 (5th Cir. 2004) (citing Chi., Rock Island & Pac. R.R. v. Schendel, 270 U.S. 611 (1926)).

Here, the Plaintiff sued the same Defendants in the Original Action and the Current Action; the Plaintiff's claims in the Original Action arise out of the

same series of transactions as the claims in the Current Action; and the Court dismissed the Original Action with prejudice under Rule 12(b)(6). Accordingly, the Court dismisses the Plaintiff's Current Action because it is barred by claim preclusion. See SV Int'l, 820 F. Supp. 2d at 683.

This is one of at least three actions that the Plaintiff has filed related to his time at Montreat College, all of which address the same underlying events and raise similar claims. The other two actions are addressed by the Court in separate Orders entered contemporaneously herewith. Because the Plaintiff has shown himself to be an abusive and prolific filer, the Court hereby issues the following warning to the Plaintiff. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. See Vestal v. Clinton, 106 F. 3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not

contain substance, will be summarily dismissed as frivolous. See id. Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 4] is **GRANTED**, and the Plaintiff's Complaint in the Current Action [Doc. 1-1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Entry of Default [Doc. 9], the Plaintiff's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 11], and the Plaintiff's Motions for Extension of Time [Docs. 12, 19] are **DENIED** as moot.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: 1/27/2025

Martin Reidinger
Chief United States District Judge